IN RE WASHINGTON.

(No. V85-62651—Decided
May 26, 1987.)

Court of Claims of Ohio,
Victims of Crime Division.

*Ralph W. Kohnen,* for appellant.
*Anthony J. Celebrezze, Jr.,* attorney general, and *Thomas J. Gallagher,* for appellee.

CLINE, J. The victim, Phillip L. Washington, through his mother Janet L. Washington, claims to qualify as a victim of crime by reason of the fact he was riding his bicycle in a southerly direction on Daly Road, Hamilton County, Ohio, between Northland and Hollywood about 8:30 on June 1, 1985, and was run down by a truck proceeding toward him from the rear traveling in the same direction at approximately forty to fifty miles per hour. The driver stopped and extricated the bicycle, then sped on fleeing the scene. He was never apprehended. Prior to the accident, his truck was seen proceeding at a high rate of speed beside an automobile, which supports a conclusion he was drag racing.

A reparations application was filed on August 21, 1985, seeking reimbursement pursuant to R.C. 2743.51 *et seq.,* for burial and funeral expenses of $1,788 for Phillip Washington, victim and son of the applicant. A single commissioner denied the claim on April 18, 1986, and a three-commissioner panel denied the claim on September 26, 1986. The appeal is now before the court alleging that the facts justify a finding that there was specific intent to kill shown.

R.C. 2743.51(C)(2) provides in part:

"Criminally injurious conduct does not include conduct arising out of the ownership, maintenance, or use of a motor vehicle, except when the person engaging in the conduct intended to cause personal injury or death * * *."

R.C. 2901.22(A) provides:

"(A) A person acts purposely when it is his specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature."

R.C. 2903.02(A) defines murder:

"No person shall *purposely* cause the death of another." (Emphasis added.)

R.C. 2903.06(A), aggravated vehicular homicide, provides:

"No person, while operating or participating in the operation of a motor vehicle, motorcycle * * *, shall recklessly cause the death of another."

R.C. 2903.07(A), vehicular homicide, states:

"No person * * * shall *negligently* cause the death of another." (Emphasis added.)

The question presented is what circumstances must be present to infer or to raise the offense from aggravated vehicular homicide to murder. If the

death was recklessly caused it was aggravated vehicular homicide, but if it was purposely caused it was murder and the application should be approved.

The truck driver was never apprehended and there is no showing of prior animosity. Was the intention of the driver to proceed uninterruptedly in a given direction, regardless of the result, which in this case was the striking of the victim with a truck at a speed of forty to fifty miles per hour? Did the truck driver intend (purposely) to strike the victim, or was his *purpose* to proceed uninterruptedly in a drag race, or did the driver have both intentions? The driver stopped momentarily but did not aid the victim, and left the scene. How must a court resolve the question of recklessness or purposefulness? Given all the facts, the court might find either, but without the truck driver some facts are not known. As between one who leaves the scene and a deceased victim there is little problem as to whose favor the question should be resolved, but the guilty party is not in court.

### FINDING

The court finds that the applicant has proven by a preponderance of the evidence that the death of the victim, Phillip L. Washington, was caused by an unknown truck driver on Daly Road, Hamilton County, Ohio, between Northland and Hollywood on June 1, 1985, by reason of reckless operation of said truck. The court cannot speculate as to whether the truck driver saw the victim or whether he did not, or whether the driver thought that he could win a drag race and still miss the victim or whether his speed coming through the yellow traffic light propelled him to the critical point. It may be that his intent was specifically to cause the death of the victim (but the proof of such escapes our grasp) and, whatever it was, it was despicable and

cannot be dealt with adequately even if he were apprehended. The loss to the parents is beyond our ability to comprehend.

On the evidence presented, however, I must find the three-commissioner panel's decision was reasonable and lawful. I cannot find sufficient evidence to support a conclusion that actual intent was present in the mind of the offender. Therefore, an order confirming the panel's decision will be entered.

*Order affirmed.*

GUY G. CLINE, J., retired, of the Probate Court of Pickaway County, sitting by assignment.